UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Eleven 10 LLC, | ) Case No. 1:22-cv-01218 |
|     Plaintiff, | ) |
| | ) Judge |
| vs. | ) |
| | ) Jury Trial Demanded |
| Mission Elite LLC, | ) |
| dba Wolf Tactical USA, | ) |
| | ) |
|     Defendant. | ) |

## Complaint

For its complaint against defendant Mission Elite LLC, dba Wolf Tactical USA ("Wolf"), plaintiff Eleven 10 LLC ("Eleven 10") states:

### Summary of Case

1. For many years, Eleven 10 has marketed a unique tourniquet carrying case that has a very distinctive design, which is recognized in the market and associated with Eleven 10 (the "Eleven 10 Case").

2. The Eleven 10 Case is well known among military, law enforcement, first responders, and others who use the Eleven 10 Case to carry life-saving tourniquets in the field and know it to be a well-made and reliable product.

3. Wolf copied the Eleven 10 Case and is selling counterfeit versions of it in the U.S. at less than half of Eleven 10's price to capitalize on Eleven 10's distinctive product design and its recognition in the marketplace.

4. Eleven 10 now sues Wolf to stop the spread of counterfeits, to protect customers, and to protect Eleven 10.

{10453754: }

## **The Parties**

5. Eleven 10 is an Ohio limited liability company with a principal place of business in Westlake, Ohio.

6. Wolf is a New York limited liability company that does business in Ohio and throughout the U.S. at least by selling the accused counterfeit tourniquet cases online on Amazon.com, on its *WolfTacticalUSA.com* website, and likely elsewhere, and shipping the those cases anywhere in the U.S., including in Ohio.

## **Jurisdiction and Venue**

7. This Court has subject matter jurisdiction over Eleven 10's Lanham Act claims under 15 U.S.C. § 1121 and under 28 U.S.C. § 1331 because they arise under federal law.

8. This Court has supplemental subject matter jurisdiction over Eleven 10's state law claims under 28 U.S.C. § 1367 because those claims are so related to the Lanham Act claims that together the claims are part of the same case or controversy under Article III.

9. This Court has personal jurisdiction over Wolf at least because, among other things, it is intentionally confusing and harming Ohio residents; advertising in Ohio; doing business in Ohio; offering to sell goods in Ohio to Ohio individuals and businesses; actually selling products to Ohio individuals and organizations; shipping products into Ohio, including the counterfeit cases at issue; receiving payments from Ohio residents; and intentionally and willfully causing tortious harm in Ohio to Eleven 10.

10. Venue is proper under 28 U.S.C. § 1391 because Wolf is subject to personal jurisdiction in this district under Ohio law and, therefore, "resides" in the Northern District of Ohio according to federal law.

**Relevant Facts**

I. **Eleven 10's Trade Dress**

11. Eleven 10 is a Westlake, Ohio manufacturer of high-quality self-aid/buddy-aid gear, including tourniquet cases.

12. The Eleven 10 Case has a distinctive trade dress. The look and feel of the Eleven 10 Case, as comprised at least by the design of the case; the size, shape, total image, and overall appearance of the case; and the arrangement, size, and style of the ornamental features on the case, is referred to here collectively as the "Eleven 10 Trade Dress."

13. Some features that distinguish the Eleven 10 Trade Dress include (but are not limited to):

> a. A raised square on the middle to upper half of the front side of the case, with an embossed cross featured on the raised square.
>
> b. A generally rectangular body with stylized angled lower corners and a top recessed notch, with raised trim, in the center of the front side of the case.
>
> c. Ornamental raised sections featuring holes on the back side of the case.

14. Since at least 2015, Eleven 10 has generated significant revenue from the sale of its Eleven 10 Cases that incorporate the Eleven 10 Trade Dress.

15. Since at least 2015, Eleven 10 has significantly invested in marketing, advertising, and promoting its Eleven 10 Cases with the Eleven 10 Trade Dress in the relevant channels of trade throughout the United States and internationally.

16. As a result of the sales, marketing, and distinctiveness of the product itself, the trade dress has acquired distinctiveness.

17. Other evidence of acquired distinctiveness includes (a) significant copying and counterfeiting of the Eleven 10 Trade Dress and Eleven 10 Case, where there would be no reason to copy unless there is acquired distinctiveness that the copier seeks to capitalize upon, and (b) significant actual confusion in the marketplace where customers are confused into believing the counterfeits are true Eleven 10 Cases.

18. Eleven 10 has the exclusive right to use the Eleven 10 Trade Dress in connection with tourniquet cases by virtue of its development, creation, and use of that trade dress and the timing thereof.

19. Since at least 2015, Eleven 10 has promoted its Eleven 10 Case on its website at 1110gear.com and elsewhere.

20. Eleven 10 sells its Eleven 10 Case throughout the United States and internationally.

21. Through its website, advertising, other promotional efforts, and sales, Eleven 10 has enhanced the reputation of the Eleven 10 brand, and it has caused the Eleven 10 Trade Dress to grow in strength, value, and recognition to the point that the product trade dress now carries strong secondary meaning.

22. Eleven 10's distributors, retailers, customers, and end users have come to associate the distinctive Eleven 10 Trade Dress with Eleven 10.

## II. Wolf's Infringement

23. Wolf has copied the Eleven 10 Trade Dress. Specifically, Wolf is selling on Amazon.com, on its *WolfTacticalUSA.com* website, and likely elsewhere tourniquet cases with the same size, shape, color scheme, and general overall design of the Eleven 10 Cases

(the "Counterfeit Cases"). A side-by-side comparison is below:



| Wolf Counterfeit Case | Eleven 10 Tourniquet Case |

24. Wolf has intentionally copied the Eleven 10 Trade Dress with the bad intent of trading on the goodwill and reputation of the Eleven 10 Cases to benefit itself to the detriment of Eleven 10 and its customers.

{10453754: }   5

25. By copying the Eleven 10 Trade Dress, Wolf is likely to cause confusion (and has caused actual confusion), or cause mistake, or deceive as to (a) the affiliation, connection, or association between Wolf and Eleven 10, or (b) the origin, sponsorship, or approval of Wolf's or Eleven 10's goods, services, or commercial activities.

26. True copies of Wolf's online sales offering of the Counterfeit Cases on Amazon.com and *WolfTacticalUSA.com* are attached as Exhibits 1 and 2, respectively.

## Count One
*Trade Dress Infringement under the Lanham Act*
(15 U.S.C. § 1125)

27. Eleven 10 incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

28. The Eleven 10 Trade Dress is valid and legally enforceable.

29. Eleven 10 exclusively owns the Eleven 10 Trade Dress.

30. At least due to the distinctiveness of the Eleven 10 case's design and appearance, years of exclusive commercial use, substantial advertising, substantial sales, number of customers, and established place in the market, the Eleven 10 Trade Dress has acquired distinctiveness in the marketplace, such that those in the relevant channels of distribution readily associate the Eleven 10 Trade Dress with Eleven 10 and its products.

31. The fact that Wolf intentionally copied the Eleven 10 Trade Dress further proves acquired distinctiveness.

32. By using the Eleven 10 Trade Dress to market and sell tourniquet cases, Wolf has caused, and is likely to continue to cause, confusion in the minds of

purchasers between Eleven 10, Wolf, and their respective goods and services.

33. Eleven 10 has no control over the quality of the counterfeit goods that Wolf is promoting, advertising and selling under the Eleven 10 Trade Dress, with the result that Eleven 10's valuable goodwill in its Eleven 10 Trade Dress will be damaged irreparably by Wolf's infringing activities.

34. Wolf has infringed Eleven 10's trade dress rights under the Lanham Act.

35. Wolf's infringement of Eleven 10's trade dress rights was and is willful and intentional.

36. Wolf's trade dress infringement has damaged Eleven 10 financially by causing lost sales and in other ways, and has caused Eleven 10 irreparable harm, which will continue unless Wolf's unlawful conduct is enjoined by this Court.

## Count Two
*Unfair Competition under the Lanham Act*
(15 U.S.C. § 1125)

37. Eleven 10 incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

38. As described above, Wolf has used words, terms, names, symbols, devices, and combinations thereof, in ways that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Wolf (and their goods and services), on the one hand, and Eleven 10 (and its goods and services), on the other.

39. Wolf's willful and unlawful activities, as described above, are unfair competition under the Lanham Act.

40. Wolf's unfair competition has damaged Eleven 10 and caused it

irreparable harm, which will continue unless Wolf's unlawful conduct is enjoined by this Court.

## Count Three
*Violations of the Ohio Deceptive Trade Practices Act*
*(Ohio Revised Code § 4165.01 et seq.)*

41. Eleven 10 incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

42. Wolf's unlawful activities, as described above, violate Ohio's Deceptive Trade Practices Act.

43. Wolf's willful violations of Ohio's Deceptive Trade Practices Act have damaged Eleven 10 and have caused it irreparable harm, which will continue unless Wolf's unlawful conduct is enjoined by this Court.

## Count Four
*Unfair Competition under Ohio Common Law*

44. Eleven 10 incorporates by reference all preceding allegations in this complaint as if fully rewritten herein.

45. Wolf's willful and unlawful activities, as described above, are unfair competition under Ohio common law.

46. Wolf's unfair competition has damaged Eleven 10 and caused it irreparable harm, which will continue unless Wolf's unlawful conduct is enjoined by this Court.

## Count Five
*Unjust Enrichment*

47. Eleven 10 incorporates by reference all preceding allegations in this

complaint as if fully rewritten herein.

48. Through its unlawful activities, as described above, Wolf has obtained benefits, including business and goodwill, which rightfully belong to Eleven 10.

49. Wolf has not compensated Eleven 10 for the benefits that it wrongfully obtained, despite justice and equity requiring it to do so.

50. Wolf has unjustly enriched itself by obtaining and retaining the ill-gotten benefits of its unlawful activities.

51. Wolf's receipt and retention of the benefits of its unlawful activities is unjust enrichment.

52. Wolf's unjust enrichment has damaged Eleven 10 and caused it irreparable harm, which will continue unless Wolf's unlawful conduct is enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Eleven 10 prays for judgment against Wolf as follows:

(A) Compensatory damages, including profits, and actual damages, in an amount to be determined at trial.

(B) An accounting and disgorgement of all ill-gotten profits.

(C) Treble and punitive damages.

(D) Attorneys' fees.

(E) Pre-judgment and post-judgment interest.

(F) Costs of the action.

(G) Preliminary and permanent injunctive relief, barring Wolf, its officers, agents, servants, employees, attorneys, and those who are in active concert or participation with any of those persons from:

(1) Manufacturing, distributing, selling, offering for sale, holding

        for sale, or advertising any goods in association with a trade dress, a trademark mark, or other matter that is a colorable imitation of, or that bears a confusing similarity to, the Eleven 10 Trade Dress, including the counterfeit Wolf product;

    (2)    Otherwise infringing Eleven 10's trademark or trade dress rights;

    (3)    Otherwise engaging in any deceptive trade practice; or

    (4)    Otherwise unfairly competing with Eleven 10.

(H)    An order that Wolf and all those assisting or acting in concert with Wolf, recall from all distribution channels and all retail locations all products that are confusingly similar to the Eleven 10 Trade Dress.

(I)    An order that Wolf, and all those assisting or acting in concert with Wolf, deliver up for destruction all labels, signs, prints, packages, labels, advertisements, products and any other matter bearing matter that is confusingly similar to the Eleven 10 Trade Dress.

(J)    Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

Dated: July 12, 2022

            /s/ Matthew J. Cavanagh
            Matthew J. Cavanagh (OH 0079522)
            MCDONALD HOPKINS LLC
            600 Superior Avenue, East, Ste. 2100
            Cleveland, Ohio 44114
            t 216.348.5400 | f 216.348.5474
            mcavanagh@mcdonaldhopkins.com

            *Counsel for Eleven 10 LLC*

## **Jury Demand**

Eleven 10 hereby demands a jury trial for all issues so triable.

s/ Matthew J. Cavanagh
*Counsel for Eleven 10 LLC*
